## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

GRANITE HALL FARMS CORPORATION, ET ALS. v. VIRGINIA TRUST COMPANY, TRUSTEE, RECORD NO. 882.

June 12, 1930.

Absent, Prentis, C. J., and Campbell, J.

The opinion states the case.

*J. H. Bridgers* and *Buford & Raney*, for the appellants.

*Christian & Barton,* for the appellees.

GREGORY, J., delivered the opinion of the court.

The Virginia Trust Company, trustee, in a certain deed of trust executed by the appellant, Granite Hall Farms Corporations, brought suit against the appellants for the purpose of foreclosing the deed of trust to satisfy the liens of the beneficiaries therein secured and to enjoin the appellant from cutting timber on the lands conveyed in said deed of trust. In this suit the law firm of Christian and Barton appeared for the Virginia Trust Company, trustee, and this firm prosecuted the suit through the Law and Equity Court of Richmond and this court to a final conclusion. *Ante,* p. 333, 153 S. E. 841. In the trial court they were allowed an attorneys' fee of $300.00 for their legal services to the trustee. In addition to the fee in question certain articles were claimed in this appeal by the appellants, but they, at the bar of this court, relinquished all claim to those articles and waived their objections to the decree which established the title to those articles in Swink and Gresham, who were the purchasers of the property, which had been conveyed in the deed of trust. It is, therefore, only necessary to dispose of the question of the attorneys' fee of $300.00 allowed the firm of Christian and Barton.

This question along with other questions was referred to Mr. John B. Minor, commissioner, for determination and report and he found that a fee of $300.00 should be allowed the attorneys for their services to the trustee and so reported to the court. Exception was filed to this part of the commissioner's report. A decree was later entered overruling the exception and confirming the commissioner's report, directing that the fee of

$300.00 be paid the attorneys for the trustee and it is to this action of the trial court we now have to deal.

The deed of trust provided that in event of default the trustee was granted the following powers by the grantor: "(a) May proceed to protect and to enforce its rights and the rights of security holders under this indenture by a suit or suits in equity or at law, as the trustee being advised by counsel learned in the law shall deem most effective to protect and enforce any of its rights or duties hereunder." And in event of any sale under the deed of trust the proceeds were to be applied, first "to the payment of costs, expenses, fees and other charges of such sale and all proceedings leading to such sale, including reasonable attorneys or solicitors fees * * * ".

A large quantity of valuable timber was being wrongfully cut by the grantor, Granite Hall Farms Corporation. The trustee did not know who the beneficiaries were, nor how much remained due and unpaid under the trust. Under such circumstances the trustee was clearly justified in instituting the suit.

The exception to the report of the commissioner challenges the power of the court to allow any attorney's fee, but no question is raised about the amount of the fee allowed. The appellants do not claim that the fee of $300.00 is unreasonable. It is conceded that if the court had the right to make an allowance for attorney's fees, the amount allowed in this cause is reasonable. Therefore, it is unnecessary for this court to pass upon the reasonableness of the fee.

While a discussion of the power of a court to allow attorney's fees would be of interest, yet to decide this case such discussion is not necessary. The provisions of the deed of trust above referred to established a con-

tractual obligation to pay reasonable attorney's fees in connection with the prosecution of this suit.

The commissioner's finding, confirmed by the trial court, is supported by the record in this case.

The decree will be affirmed.

*Affirmed.*